Jaazaniah Asahguii, Esq.
Gaines, Novick, Ponzini, Cossu & Venditti, LLP
Attorneys for the Plaintiff
1133 Westchester Avenue, Suite N-202
White Plains, New York 10604
Tel. (914) 288-9595
Fax (914) 288-0850
Email: jasahguii@gainesllp.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
ASHLEY FRAZER,

        Plaintiff,

v.

CSC HOLDINGS, LLC, d/b/a ALTICE USA,
a/k/a OPTIMUM, formerly d/b/a
CABLEVISION SYSTEMS CORP.,

        Defendant.
----------------------------------------------------------------X

Civil Action No.

**COMPLAINT**

Plaintiff Ashley Frazer ("Ms. Frazer" or "Plaintiff"), by and through her attorneys, Gaines, Novick, Ponzini, Cossu & Venditti, LLP as and for her Complaint in the action against Defendant, CSC Holdings, LLC, d/b/a Altice USA, formerly d/b/a Cablevision Systems Corp. ("Defendant" or "Employer"), hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendant's unlawful employment practices committed against Ms. Frazer, including their unlawful discrimination and harassment committed against Ms. Frazer in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title

VII"), and the New York State Human Rights Law, New York Executive Law §§ 290 *et seq*. (the "NYSHRL") .

2. Over the course of Ms. Frazer's tenure as a Direct Sales Representative with her Employers she was subjected to unlawful discrimination and harassment because of her sex. Ms. Frazer had to endure sexual harassment on a weekly basis because of her sex. Such conducted included: a. Staring at her cleavage; b. Sexual innuendos directed at her; c. placed in uncomfortable situations with her supervisor while isolated in the field; and d. Attempts meet with her after work. Ms. Frazer complained to her colleagues but was afraid to complaint to management.

3. Defendant's conduct was knowing, malicious, willful, wanton and/or showed a reckless disregard for Ms. Frazer, which caused, and continues to cause, Ms. Frazer to suffer substantial economic and non-economic damages, detriment to her health, including but not limited to insomnia, permanent harm to her professional and personal reputation, severe mental anguish, physical harm, and emotional distress.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Ms. Frazer's rights under Title VII and Section 1981. This Court has supplemental jurisdiction over Ms. Frazer's related claims arising under state and/or local law pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this district pursuant to 42 U.S.C. § 2000e-(5)(f)(3) because the unlawful employment practices against Ms. Frazer were committed in this district, the employment records relevant to the unlawful employment practices are maintained and administered in this district, and the Employers' principal offices are in Long Island.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

7. Ms. Frazer resides in Queens County, in the State of New York.

8. In 2014 Ms. Frazer was hired to the position of Residential Account Executive.

9. At all relevant times, she met the definition of an "employee" under all applicable statutes.

10. At all relevant times, Defendant meet the definition of an "employer" under all applicable statues.

## PROCEDURAL REQUIREMENTS

11. Ms. Frazer has complied with all statutory prerequisites to her Title VII claims having filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") (Charge No. 520-2018-01269).

12. Ms. Frazer's Charge of Discrimination was cross filed with the New York State Division of Human Rights ("DHR") pursuant to a work-share agreement between the two agencies.

13. On or about September 11, 2018, the EEOC issued a right to sue letter that was received on or about September 18, 2018.

14. This lawsuit has been filed within 90 days of receipt of Ms. Frazer's right to sue letter.

15. Any and all other prerequisites to the filing of this lawsuit have been satisfied.

## FACTUAL ALLEGATIONS

### I. Background

16. Ms. Frazer is an African American woman.

17. Ms. Frazer was formerly employed by Defendant.

18. Ms. Frazer was hired as a Residential Account Executive ("RAE") by Defendant in July of 2016.

19. Ms. Frazer started working with Defendant in August of 2016.

20. Ms. Frazer went through a three-week training course which was accompanied by a written and verbal test.

21. That upon information and belief Ms. Frazer received one of the highest test scores among her fifteen classmates.

22. In September of 2016, Ms. Frazer began training with more experienced RAEs by shadowing them while they worked.

23. In October of 2016, Ms. Frazer began working in the field on her own.

24. Ms. Frazer surpassed the minimum number of sales within the first three weeks.

### II. Sexual Harassment

25. After the third week of working for Defendant, Ms. Frazer's direct supervisor, Hugh Johnson, began to sexually harass her.

26. On a weekly basis Mr. Johnson stared at Ms. Frazer's cleavage.

27. Mr. Johnson, while staring at Ms. Frazer's cleavage, would regularly say: "I don't want to get fucking fired."

28. In August of 2017, Mr. Johnson suggested that he had an erection by saying that he "can't get up for an hour" while shaking his leg and using his hand to push down on his groin area. Mr. Johnson then said to Ms. Frazer: "Are you blushing?"

29. Also, in August of 2017, Mr. Johnson said that he wished that he were single, so he could "fuck all the girls in the office."

30. On a monthly basis, Mr. Johnson would tell Ms. Frazer to get in his car when she was working in the field.

31. That upon information and belief, it is against Defendant's policy for employees in the field to meet alone in cars.

32. Ms. Frazer often felt intimidated by Mr. Johnson because he often met her in the field when it was at or after dusk.

33. That Mr. Johnson, without any invitation from Ms. Frazer, would complain about his wife and how he wishes he weren't married.

34. That based on conversations that Ms. Fraser had with her colleagues, including but not limited to John Kennelly and Rob Diatavio, Mr. Johnson does not meet with RAEs as often as he met with Ms. Frazer.

35. Mr. Johnson also tried to meet Ms. Frazer after working hours, i.e., after 9:00 p.m.

36. Had Ms. Frazer not been harassed by Mr. Johnson she would have performed significantly better much like in the early part of October of 2016.

## AS AND FOR A FIRST CAUSE OF ACTION
### (DISCRIMINATION AND HARASSMENT IN VIOLATION OF TITLE VII)

37. Ms. Frazer hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

38. Defendant discriminated against and harassed Ms. Frazer on the basis of her sex in violation of Title VII by denying her the same terms and conditions of employment available to male employees, including but not limited to, subjecting her to disparate working conditions and denying Ms. Frazer the opportunity to work in an employment setting free of unlawful discrimination.

39. Defendant discriminated against and harassed Ms. Frazer on the basis of her sex in violation of Title VII by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Ms. Frazer because of her sex.

40. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII, Ms. Frazer has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Ms. Frazer is entitled to an award of damages.

41. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII, Ms. Frazer has suffered, and continues to suffer, severe mental anguish, and emotional distress, including but not limited to depression, humiliation, embarrassment, stress, anxiety, loss of self-esteem and confidence and emotional pain and suffering for which Ms. Frazer is entitled to an award of compensatory damages.

42. Defendant's unlawful discriminatory actions and harassment constitute malicious, willful and wanton violations of Title VII for which Ms. Frazer is entitled to an award of punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION
## (DISCRIMINATION AND HARASSMENT IN VIOLATION OF NYSHRL)

43. Ms. Frazer hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

44. Defendant discriminated against and harassed Ms. Frazer on the basis of her sex by denying her the same terms and conditions of employment available to male employees, including but not limited to, subjecting her to disparate working conditions and denying Ms. Frazer the opportunity to work in an employment setting free of unlawful discrimination.

45. Defendant discriminated against and harassed Ms. Frazer on the basis of her sex in violation of NYSHRL by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Ms. Frazer because of her sex.

46. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYSHRL, Ms. Frazer has suffered, and continue to suffer, monetary and/or economic damages including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

47. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Section 1981, Ms. Frazer has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which Ms. Frazer is entitled to an award of monetary damages and other relief.

**PRAYER FOR RELIEF**

WHEREFORE, Ms. Frazer prays that the Court enter a judgment in her favor and against Defendant, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of the Defendant complained of herein violate the law of the United States and the State of New York;

B. An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C. An order directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Ms. Frazer's employment and personal life;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Ms. Frazer for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

E. An award of damages in the amount to be determined at trial, plus prejudgment interest, to compensate Ms. Frazer for all non-monetary and/or compensatory damages, including but not limited to, compensation for her mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, emotional distress and physical injuries;

F. An award of damages for any and all other monetary and/or non-monetary losses suffered by Ms. Frazer in an amount to be determined at trial, plus prejudgment interest;

G. An award of punitive damages;

H. An award of costs that Ms. Frazer has incurred in this action, as well as Ms. Frazer's reasonable attorneys' fees to the fullest extent permitted by law; and

I. Such other and further relief as the Court may deem just and proper.\

Dated: White Plains, New York
December 16, 2018

>Respectfully submitted,
>
>*//s// Jaazaniah Asahguii*
>Jaazaniah Asahguii